IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Raymond H. Schmidt and Derek Brandon Haynes, on Behalf of Themselves and Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 2:14-cv-01094-PMD |
| v. | ) ) | **ORDER** |
| Charleston Collision Holdings Corp.; Charleston Collision, LLC; Charleston Collision II, LLC; Charleston Collision III, LLC; and Andrew J. Leone, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs Raymond H. Schmidt and Derek Brandon Haynes's ("Plaintiffs") Motion for Conditional Class Certification (ECF No. 34) ("Motion"). Plaintiffs seek, *inter alia*, conditional certification of a putative class pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons set forth herein, Plaintiffs' Motion is granted in part and denied in part.

**BACKGROUND**

On March 24, 2014, Plaintiffs commenced this action on behalf of themselves and others similarly situated, alleging violations of the minimum wage and overtime compensation provisions of the FLSA and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 *et seq.* Plaintiffs,[1] former auto body technicians and paint technicians employed by Defendants, allege in their Amended Complain that Defendants Charleston Collision Holdings Corp., LLC; Charleston Collision, LLC; Charleston Collision II, LLC; and

---
1. At the outset of the litigation, Raymond H. Schmidt was the sole named Plaintiff. On Plaintiff's Motion to Amend, which the Court granted on November 24, 2014, Derek Brandon Haynes was added as a named Plaintiff.

Charleston Collision III, LLC (collectively, "Charleston Collision") own and operate three auto body repair facilities in the greater Charleston area. Plaintiffs allege that the Charleston Collision facilities are located at: (1) 1893 Sam Rittenberg Boulevard, Charleston ("Charleston location"); (2) 618 Red Bank Road, Goose Creek ("Goose Creek location"); and (3) 2895 Ashley Phosphate Road, North Charleston ("North Charleston location"). Plaintiffs also allege that Defendant Andrew J. Leone ("Leone") is the owner of Charleston Collision and acted on its behalf in setting Plaintiffs' work schedules and payment rates.

Plaintiffs allege that Defendants utilized a commission hour pay plan ("Plan"), under which Plaintiffs were paid an hourly rate based on the estimated number of hours it would take to complete a job rather than on the actual hours of work ultimately performed. Plaintiffs further allege that Defendants' use of the Plan, when combined with the wage paid per commission hour and non-payment for so-called "idle time," violated the FLSA's minimum wage requirement. The Amended Complaint also alleges that Plaintiffs regularly worked more than forty hours per week but that Defendants failed to properly pay Plaintiffs for that overtime, in violation of the FLSA's overtime compensation provisions. With regard to the SCPWA, Plaintiffs allege that Defendants occasionally reduced Plaintiffs' commission hour rate, making such deductions from their wages without their knowledge and without notice, in violation of state law. Finally, Plaintiffs claim that Defendants' alleged violations of the FLSA and the SCPWA are or were willful and knowing. In response to these allegations, Defendants admit that Plaintiffs were paid a flat rate commission for their work but contend that they were aware of and in full compliance with all applicable FLSA and SCPWA requirements. Accordingly, Defendants deny the asserted claims and any resulting liability.

Plaintiffs now seek to conditionally certify this matter as a collective action under the FLSA. On March 5, 2015, Plaintiffs filed the instant Motion requesting: (1) conditional certification of a putative class; (2) permission to send notices to potential class members; and (3) a Court order requiring Defendants to provide a list containing the names, addresses, and telephone numbers of all potential class members. Defendants responded to Plaintiffs' Motion on March 23, 2015, asserting that Plaintiffs were properly paid in accordance with the minimum wage and overtime requirements of the FLSA and that Plaintiffs were exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 207(i). In their Response, Defendants first request that the Court deny Plaintiffs' Motion. Alternatively, Defendants ask that this Court: (1) narrow Plaintiffs' proposed class definition; (2) modify Plaintiffs' proposed notice language; (3) limit any notice by mail to a single notice, rejecting Plaintiffs' request for permission to send a "reminder" notice; (4) limit the notice period to thirty days, rather than Plaintiffs' requested ninety days; and (5) require that any persons who wish to opt-in after the approved deadline seek the Court's leave to do so. In their Reply, filed on April 2, 2015, Plaintiffs responded to Defendants' arguments, agreed to reduce their proposed opt-in period to sixty days, and withdrew their request for a reminder mailing. Plaintiffs' Motion is now ripe for consideration.

## **LEGAL STANDARD**

Under the FLSA, plaintiffs may institute a collective action against their employer on behalf of themselves and similarly situated employees. The FLSA's collective action provision states that:

> [a]n action to recover [unpaid overtime compensation or unpaid minimum wages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The procedure detailed in § 216(b) is intended to enable the efficient adjudication of similar claims by "similarly situated" employees, allowing the consolidation of individual claims and the sharing of resources in prosecuting such actions against their employers. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *LaFleur v. Dollar Tree Stores, Inc.*, 2:12-CV-00363, 2014 WL 934379, at *2 (E.D. Va. Mar. 7, 2014), *reconsideration denied*, 2014 WL 2121563 (E.D. Va. May 20, 2014), *and motion to certify appeal denied*, 2014 WL 2121721 (E.D. Va. May 20, 2014); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007). In deciding whether the named plaintiffs in a FLSA action are "similarly situated" to other potential plaintiffs, courts typically use a two-stage approach.[2] *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164 (D. Minn. 2007)); *see also Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367 (D.S.C. 2012); *Simons v. Pryor's, Inc.*, No. 3:11-cv-0792-CMC, 2011 WL 6012484, at *1 (D.S.C. Nov. 30, 2011); *MacGregor v. Farmers Ins. Exch.*, No. 2:10-cv-03088-DCN, 2011 WL 2981466, at *2 (D.S.C. July 22, 2011).

The first stage in this process, which is the subject of the instant Motion, is the "notice," or "conditional certification," stage. *Purdham*, 629 F. Supp. 2d at 547. Here, "a plaintiff seeks conditional certification by the district court in order to provide notice to potential similarly situated plaintiffs" that they can "opt-in" to the collective action. *Pelczynski*, 284 F.R.D. at 367–

---

2. Although the Fourth Circuit has not yet declared a test for conditional certification of collective actions, district courts in the Fourth Circuit, including this Court, typically follow the two-stage, or two-step, approach when deciding whether named plaintiffs are similarly situated to potential plaintiffs. *E.g.*, *LaFleur*, 2014 WL 934379, at *2 ("District courts within . . . the Fourth Circuit . . . have uniformly employed a two-step inquiry in deciding whether to certify a collective action under the FLSA . . . ."); *Curtis v. Time Warner Entm't*, C/A No. 3:12-cv-2370-JFA, 2013 WL 1874848, at *2 (D.S.C. May 3, 2013) ("Although the Fourth Circuit has not directly addressed the appropriate standard for certifying a collective action under § 216(b), district courts in this circuit, including this court, follow the [two-stage] process set forth in the cases identified above.").

4

68. With regard to this notice phase, "[t]he Supreme Court has held that, in order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion[,] in appropriate cases[,] to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs.'" *Purdham*, 629 F. Supp. 2d at 547 (quoting *Hoffman-La Roche, Inc.*, 493 U.S. at 169). At this step, the court reviews the pleadings and affidavits to determine whether the plaintiff has carried his burden of showing that he is similarly situated to the other putative class members. *Pelczynski*, 284 F.R.D. at 368; *Purdham*, 629 F. Supp. 2d at 547–48. "Because the court has minimal evidence, this determination is made using a fairly lenient standard," *Steinberg v. TQ Logistics, Inc.*, No. 0:10-cv-2507-JFA, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011), requiring plaintiffs to make a "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," *Purdham*, 629 F. Supp. 2d at 548 (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 563 (E.D. Va. 2006)). If the court concludes that the proposed class members are similarly situated, the court conditionally certifies the class. *Steinberg*, 2011 WL 1335191, at *1. The putative class members are then notified and given the opportunity to "opt-in," and the case continues as a representative action throughout discovery. *Id.* (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)); *see Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citation omitted) ("'[C]onditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." (citing § 216(b))).

Second, after the court has conditionally certified the class, the prospective class members have been identified and notified, and discovery has been completed, "a defendant may then move to decertify the collective action, pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." *Pelczynski*, 284 F.R.D. at 368. At this optional "decertification stage," the court applies an amplified fact-intensive standard to the "similarly situated" analysis. *Steinberg*, 2011 WL 1335191, at *2; *see Pelczynski*, 284 F.R.D. at 368. "Courts have identified a number of factors to consider at this stage, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Curtis*, 2013 WL 1874848, at *3 (internal quotation marks omitted). If the court concludes that the plaintiffs are not, in fact, similarly situated, it may decertify the class, dismiss without prejudice the opt-in plaintiffs' claims, and permit the named plaintiffs to proceed on their individual claims. *Id.*

## ANALYSIS

Plaintiffs specifically request that this Court enter an Order: (1) conditionally certifying a single putative class of auto body and/or paint technicians ("Proposed Class"), as detailed further herein; (2) requiring Defendants to produce the names, addresses, and telephone numbers of all members belonging to the Proposed Class; and (3) authorizing Plaintiffs' counsel to send a proposed notice to members of the Proposed Class via U.S. Mail. The Court will address Plaintiffs' requested relief, as well as Defendants' objections thereto, *seriatim*.

**I.     Conditional Certification**

At the outset, Plaintiffs move to conditionally certify the following Proposed Class:

> All Charleston Collision Auto Body Technicians and/or Paint Technicians who were paid based on a commission hour and worked at any time from March 24, 2011 through the present.

(Pls.' Mot. for Conditional Class Certification, Ex. 4, at 1.)[3]  Although a plaintiff's burden of proof and the court's standard of review at the notice stage are fairly lenient, "courts should not exercise their discretion to facilitate notice unless '[t]he facts and the circumstances of the case illustrate' that a class of 'similarly situated' aggrieved employees exists."  *Purdham*, 629 F. Supp. 2d at 547–48 (alteration in original) (quoting *Hoffmann–La Roche, Inc.*, 493 U.S. at 170). Defendants oppose conditional certification of the Proposed Class for three reasons: (1) Plaintiffs have failed to demonstrate that others wish to join the lawsuit; (2) the Plan did not violate the FLSA; and (3) the fact-intensive circumstances related to each potential plaintiff's claims would require individualized discovery.  In the alternative, Defendants ask that the Court more narrowly define the Proposed Class.  In particular, Defendants seek to exclude from the Proposed Class any current or former auto body or paint technicians who worked solely at Defendants' Goose Creek location on the grounds that any such persons are not "similarly situated" to the named Plaintiffs.  Defendants also seek to narrow the applicable limitations period from Plaintiffs' proposed three years to two years.  The Court will discuss Defendants' arguments in turn.

First, Defendants contend that Plaintiffs have not met their burden to prove that a class of similarly situated plaintiffs exists because Plaintiffs have failed to show the existence of other potential opt-in plaintiffs who want to join the suit, for example, by providing affidavits of such

---
3.   The Court notes that it has taken the Proposed Class definition from Plaintiffs' proposed notice ("Proposed Notice"), rather than from Plaintiffs' Motion or accompanying Memorandum of Law.  The Court's observation of Plaintiffs' use of various, irrelevant descriptors throughout the Motion and Memorandum necessitated this result. (*See* Pls.' Mot. for Conditional Class Certification 3 (moving for conditional certification of a class consisting of "all current and former Servers of the Defendants")); (Pls.' Mem. in Supp. of Mot. for Conditional Class Certification 6 (beginning their argument for conditional certification with the heading "All Servers at Defendants' Restaurants are Similarly Situated to Plaintiffs")); (*id.* at 9 (concluding their production request by asking the Court to order Defendants to produce certain information for "all employees who performed caregiving services for Defendants")).

7

persons.  As Plaintiffs point out, the Fourth Circuit has never imposed such a burden on FLSA plaintiffs at the conditional certification stage.  *See Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010) (noting that evidence aggrieved individuals want to opt-in to the lawsuit is not statutorily required at the conditional certification stage and has not been required "by any higher court opinion that this court has been able to find").  Likewise, this Court declines to require such a showing in the present case.[4]

Defendants also argue that conditional certification should be denied because the Plan was lawful.  While Defendants concede that Plaintiffs have adequately alleged a common policy or plan for purposes of pleading a violation of the FLSA, Defendants aver that the method of payment was lawful because Plaintiffs fall under the so-called "§ 207(i)" exemption to the FLSA.  The Fourth Circuit appears to require an employer who invokes FLSA exemptions to prove the applicability of such exemptions by clear and convincing evidence.  *Herrera v. TBC Corp.*, 18 F. Supp. 3d 739, 741 (E.D. Va. 2014).  Defendants have raised the exemption as an affirmative defense in their Amended Answer to the Amended Complaint; however, at this nascent stage of the litigation, clear and convincing evidence of the applicability of this defense is not before the Court.  Therefore, Defendants' argument in this regard is unavailing.

Defendants also object to Plaintiffs' Proposed Class on the grounds that it is too broadly defined because it includes individuals who worked at Defendants' Goose Creek location. Defendants point out that neither named Plaintiff worked at that location and therefore object to its inclusion in the definition of the Proposed Class.  However, Defendants admit in their

---

4.   While the Fourth Circuit has not expressly defined the phrase "similarly situated" for purposes of FLSA actions, numerous district courts have done so.  For example, plaintiffs are similarly situated to a class when they "raise a similar legal issue as to coverage, exemption, or nonpayment o[f] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions."  *De Luna–Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (internal citations omitted) (noting that "their situations need not be identical"); *see also Montoya v. S.C.C.P. Painting Contractors, Inc.*, No. CCB-07-455, 2008 WL 554114, at *2 (D. Md. Feb. 26, 2008) ("Potential plaintiffs will be considered similarly situated when, collectively, they were victims of a common policy or scheme or plan that violated the law.").

8

Amended Answer to the Amended Complaint that Plaintiffs and other paint and body technicians were paid under the same compensation plan. Defendants have not asserted that the paint and body technicians at the Goose Creek location were subject to some other compensation plan nor have Defendants attempted to distinguish the job duties of the Goose Creek paint and body technicians from those of technicians at their other locations. As previously discussed, Plaintiffs need not prove that their situation is identical to those of the potential opt-in plaintiffs. *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) ("[C]ourts have regularly found named plaintiffs to be similarly situated to employees at locations where they did not work, provided that the plaintiffs demonstrate that they were all subject to the same allegedly unlawful policy or practice."); *see also Rosario v. Valentine Ave. Disc. Store, Co., Inc.*, 828 F. Supp. 2d 508, 516–17 (E.D.N.Y. 2011) (collecting cases). Instead, Plaintiffs must merely meet their burden to allege "a similar legal issue as to coverage, exemption, or nonpayment o[f] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." *De Luna–Guerrero*, 338 F. Supp. 2d at 654 (internal citations omitted). Accordingly, Defendants' objection is overruled.

Additionally, Defendants contest Plaintiffs' reference to, and attempted utilization of, a three-year statute of limitations in their definition of the Proposed Class. As detailed above, Plaintiffs' definition of the Proposed Class includes auto body and paint technicians employed "at any time from March 24, 2011 to the present." (Pls.' Mot. for Conditional Class Certification, Ex. 4, at 1.) The entirety of Defendants' argument on the issue of the limitations period is their assertion that Plaintiffs' Proposed Class definition "goes outside of the standard two-year limitations period." (Defs.' Resp. to Pls.' Mot. for Conditional Certification 15, ECF No. 35.)

FLSA claims are typically subject to a two-year statute of limitations, but this period is extended to three years for "cause[s] of action arising out of a willful violation." 29 U.S.C. § 255(a). Plaintiffs here have alleged that Defendants willfully violated the FLSA.[5] Although Defendants reference the "standard" limitations period for FLSA claims, they offer no argument on the issue of willfulness. In any event, whether Defendants' conduct was willful is a question "going to the merits of the case and not whether notice should be issued to potential claimants." *Resendiz–Ramirez v. P&H Forestry, LLC*, 515 F. Supp. 2d 937, 942 (W.D. Ark. 2007); *see also Ott v. Publix Super Mkts., Inc.*, No. 3:12-0486, 2013 WL 1874258, at *3 (M.D. Tenn. May 3, 2013) ("The Defendant's first objection is overruled because it requires a decision on the merits of the statutes of limitation issue, and is not ripe for decision at this time."). Thus, "[c]ourts have held that a conclusory willfulness allegation is sufficient to justify providing notice to the putative class on the basis of the potentially applicable three-year period." *Sylvester v. Wintrust Fin. Corp.*, No. 12 C 01899, 2013 WL 5433593, at *5 (N.D. Ill. Sept. 30, 2013) (collecting cases); *see Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010) (same); *cf.* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Consequently, any facts relevant to the alleged willfulness of Defendants' conduct must be elicited during the course of discovery. *Resendiz–Ramirez*, 515 F. Supp. 2d at 942–43; *see Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 865 (S.D. Tex. 2012) ("FLSA plaintiffs are not required to prove willfulness prior to discovery." (quoting *Walker v.*

---

5.  The Supreme Court clarified the meaning of willfulness under § 255(a) in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). The *McLaughlin* Court held that the appropriate standard of willfulness was whether an employer knew the conduct violated the FLSA or showed reckless disregard for the fact that its conduct was prohibited. *Id.* at 133. A subsequent Fourth Circuit ruling applying this standard recognized that:

> only those employers who "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]" have willfully violated the statute. Negligent conduct is insufficient to show willfulness. Furthermore, the employee bears the burden of proof when alleging a violation is willful.

*Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358 (4th Cir. 2011) (alteration in original) (citations omitted) (quoting *McLaughlin*, 486 U.S. at 133, 135).

*Honghua Am., LLC*, 870 F. Supp. 2d 462, 472 (S.D. Tex. 2012) (internal quotation marks omitted))). Of course, Defendants may challenge the three-year statute of limitations and the issue of willfulness at a future date, "either through a dispositive motion at the appropriate time, or at trial, or both." *Delgado v. Ortho-McNeil, Inc.*, No. SACV07-263CJCMLGX, 2007 WL 2847238, at *4 n.2 (C.D. Cal. Aug. 7, 2007). If the alleged violations are ultimately found not to have been willful, the two-year statute of limitations will apply and Plaintiffs' respective claims may be limited or time-barred accordingly. *See Resendiz–Ramirez*, 515 F. Supp. 2d at 943; *Delgado*, 2007 WL 2847238, at *4 n.2.

Accordingly, Defendants' objection to the limitations period referenced by Plaintiffs in their definition of the Proposed Class is overruled. However, "[t]his ruling should not be interpreted as a finding that [Defendants] in fact did act willfully, or that a three-year statute of limitations will govern the case; those determinations will be made after notice and discovery." *Sylvester*, 2013 WL 5433593, at *5; *see also Cheng Chung Liang v. J.C. Broadway Rest., Inc.*, No. 12 CIV. 1054, 2013 WL 2284882, at *2 (S.D.N.Y. May 23, 2013) ("Because it is disputed whether defendants' alleged violations were willful, the notice should err on the side of over-inclusivity and indicate that it covers violations that have occurred within the last three years (the statute of limitations for claims of willful FLSA violations)."). Instead, the Court finds merely that, for the limited purpose of conditional certification and approving the contents of the Court-facilitated notice, Plaintiffs' reference to the FLSA's three-year statute of limitations is appropriate. *See Ahle v. Veracity Research Co.*, Civ. No. 09-00042ADM/RLE, 2009 WL 3103852, at *6 (D. Minn. Sept. 23, 2009).

In sum, the Court finds that Plaintiffs have met their modest burden of showing that they are similarly situated under 29 U.S.C. § 216(b). The Proposed Class includes all current or

11

former employees of Defendants who were paid under the Plan, which Plaintiffs allege violates the overtime compensation and minimum wage requirements of the FLSA. Therefore, the Court conditionally certifies the following class of employees:

> All Charleston Collision Auto Body Technicians and/or Paint Technicians who were paid based on a commission hour and worked at any time from March 24, 2011 through the present.

## II.     Production of Contact Information

Plaintiffs also seek an order requiring Defendants to produce certain contact information for all members of the Proposed Class. More specifically, Plaintiffs seek the names, addresses, and telephone numbers for all current and former employees belonging to the Proposed Class. In their Response, Defendants consent to the production of the names and addresses of potential plaintiffs, should the Court grant Plaintiffs' Motion, but contend that Plaintiffs are not entitled to telephone numbers, in part because such production "subjects the potential class members to unsolicited telephone calls." (Defs.' Resp. 19.) Defendants also argue that requiring production of potential plaintiffs' telephone numbers will hamper the Court's ability to control the distribution of information, in turn frustrating the purpose of judicial participation in the notice process. In their Reply, Plaintiffs indicate that they are seeking the telephone numbers "for the limited purpose of locating putative plaintiffs whose Notice has been returned by the postal service." (Pls.' Reply Mem. in Supp. of Mot. for Conditional Class Certification 13, ECF No. 38.)

District courts have taken a number of positions as to what information regarding potential plaintiffs may be disclosed to named plaintiffs at the notice stage of FLSA actions.[6]

---

6.    *Compare Velasquez v. Digital Page, Inc.*, No. CV 11-3892 LDW AKT, 2014 WL 2048425, at *15 (E.D.N.Y. May 19, 2014) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective members."), *with Amrhein v. Regency Mgmt. Servs., LLC*, CIV. No. SKG-13-1114, 2014 WL 1155356, at *10 (D. Md. Mar. 20, 2014) ("Courts in this district hold that absent a showing by plaintiffs of a 'special need' for disclosure of class members'

However, courts in this Circuit have required plaintiffs to show a "special need" for the disclosure of telephone numbers. *E.g.*, *Ruiz v. Monterey of Lusby, Inc.*, CIV.A. DKC 13-3792, 2014 WL 1793786, at *3 n.1 (D. Md. May 5, 2014) ("Defendants will not . . . be required to provide phone numbers for potential opt-in plaintiffs at this time because Plaintiffs have made no showing of any 'special need' for the disclosure of this information."); *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 836 (E.D. Va. 2008) ("Plaintiffs' request for phone numbers is denied."); *cf. Sharer v. Tandberg, Inc.*, No. 1:06CV626 JCC, 2006 WL 2988104, at *3 (E.D. Va. Oct. 17, 2006) ("Plaintiffs have provided a basis of need for name, address, and phone number, but not the other requested information.").

Here, Plaintiffs base their "special need" for potential opt-in plaintiffs' telephone numbers on speculation that some potential plaintiffs' notices will be returned as undeliverable by the postal service. "[G]iven the greater intrusion that a telephone call entails and the open-ended nature of the resultant communication," the Court finds that Defendants need not produce that information to Plaintiffs at this time. *Amrhein*, 2014 WL 1155356, at *10. Accordingly, Plaintiffs' request that the Court order Defendants to produce the telephone numbers of potential plaintiffs is denied.[7] Defendants are hereby ordered to produce the names and addresses of all potential plaintiffs within ten days of this Order.[8]

### III.   Form and Manner of Court-Facilitated Notice

Having concluded that conditional certification of this action pursuant to § 216(b) is appropriate under the circumstances, the Court turns now to Plaintiffs' various requests

---

telephone numbers or other personal information, such as social security numbers or dates of birth, ordering such disclosure is inappropriate.").

7.   "To the extent the notice mailed to putative collective action members is returned undeliverable, Plaintiffs may request from [Defendants] the phone number of those individuals so that Plaintiffs may contact the individual . . . to obtain a current mailing address." *Houston*, 591 F. Supp. 2d at 836 n.9.

8.   Defendants consented in their Response to produce any information ordered by the Court within ten days of the Court's Order.

13

regarding the Court-facilitated notice to potential opt-in plaintiffs, as well as Defendants' objections to the form and content of such notice.

### A.     *Proposed Notice*

Contemporaneously with their filing of the instant Motion, Plaintiffs have provided the Court with a proposed notice, titled "Important Notice About Your Right to Join a Lawsuit" ("Proposed Notice"). Plaintiffs seek the Court's approval of the Proposed Notice and the Court's authorization to send it to prospective opt-in plaintiffs. Defendants, in addition to requesting modification of the Proposed Notice to account for the various objections outlined above, also ask that the language of the Proposed Notice be amended in several other respects. The Court will address Defendants' exceptions to the Proposed Notice in turn.

Again, it is important to note that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann–La Roche, Inc.*, 493 U.S. at 169. In facilitating such notice under the FLSA, courts also have "broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 574 (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006)). "Neither the statute, nor other courts, have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 60 (E.D.N.Y. 2011) (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). Moreover, the Supreme Court has expressly abstained from reviewing the contents of a proposed notice under § 216(b), instead "confirm[ing] the existence of the trial court's discretion, not the details of its exercise." *Hoffman–La Roche, Inc.*, 493 U.S. at 170. Nevertheless, "[w]hen exercising its broad discretion to craft appropriate notices in individual cases, District Courts [should] consider the overarching policies of [the FLSA's] collective suit provisions." *Velasquez*, 2014 WL 2048425,

at *9 (quoting *Fasanelli*, 516 F. Supp. 2d at 323 (internal quotation marks omitted)). "The[se] overarching policies . . . require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Butler*, 876 F. Supp. 2d at 574–75 (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)). "Absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice." *Sylvester*, 2013 WL 5433593, at *6 (quoting *Kelly v. Bank of Am., N.A.*, 10 C 5332, 2011 WL 7718421, at *1 (N.D. Ill. Sept. 23, 2011) (internal quotation marks omitted)).

      1.     <u>Scope of Persons to Whom Notice Is Sent</u>

Defendants first ask the Court to revise the prefatory language of the Proposed Notice to narrow the scope of individuals to whom the notice is directed and ultimately sent. Specifically, Defendants request that the language be revised to include only those persons who worked in the Charleston and North Charleston locations and to reflect a two-year statute of limitations. For the reasons outlined above with regard to the scope of the Proposed Class, *supra* Part I, Defendants' objections are overruled.

      2.     <u>Item No. 2 of Notice: "DESCRIPTION OF THE LAWSUIT"</u>

Additionally, Defendants again seek to limit the applicable statute of limitations to two years and request that the references to the three-year limitations period in the third section of the Proposed Notice be changed to two years. Defendants also renew their request to exclude the Goose Creek location. For the reasons stated above, *supra* Part I, Defendants' objections are overruled.

3.  Item No. 4 of Notice: "EFFECT OF JOINING THIS LAWSUIT"

Next, Defendants request that the Proposed Notice be amended to include language notifying potential plaintiffs that they may be required to participate in discovery and testify at trial. More specifically, Defendants ask that the following language be added to the fourth section of the Proposed Notice: "If you elect to join this lawsuit, you may be required to provide information, give a deposition under oath, produce documents, respond to written interrogatories, and/or testify in Court, including trial." (Defs.' Resp. 16.) The Court agrees with Defendants' request and hereby sustains their objection. As noted by the court in *Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. 365 (N.D. W. Va. 2012), "[c]ourts 'routinely accept[]' text notifying potential plaintiffs 'of the possibility that they will be required to participate in discovery and testify at trial.'" *Id.* at 374 (quoting *Whitehorn*, 767 F. Supp. 2d at 450); *see Pack v. Investools, Inc.*, 2:09-CV-1042 TS, 2011 WL 5325290, at *4 (D. Utah Nov. 3, 2011) ("The Court finds that this information will be helpful to recipients deciding whether to participate in the suit . . . ."); *Butler*, 876 F. Supp. 2d at 575 (modifying proposed notice to advise potential plaintiffs of possibility of having to participate in discovery process and at trial). Therefore, the Court will amend Plaintiffs' Proposed Notice to include this additional information.

4.  Item No. 7 of Notice: "YOUR LEGAL REPRESENTATION IF YOU JOIN"

Lastly, Defendants request two changes to the language in the seventh section of Plaintiffs' Proposed Notice. Defendants first object to the fact that the Proposed Notice fails to disclose certain details regarding the fee Plaintiffs' counsel stands to earn in the event of recovery. Defendants primarily take exception to the fact that the Proposed Notice states that Plaintiffs' counsel will be paid "on a contingency fee basis out of any recovery" but does not

16

disclose the exact percentage of the contingency fee.[9] Although Defendants cite to *Byard* for the fact that several district courts have found that the precise fee structure should be disclosed in the initial notice, a number of other courts have stopped short of requiring disclosure of this information in the Court-approved notice. *See, e.g.*, *Curtis*, 2013 WL 1874848, at *10 (authorizing notice with language regarding contingency-fee arrangement that is nearly identical to the language in Plaintiffs' Proposed Notice). The Court finds that the language in the Proposed Notice is sufficient to inform putative plaintiffs that Plaintiffs' counsel will be paid on a contingency fee basis. Should potential opt-in plaintiffs have further questions regarding Plaintiffs' counsel's compensation or fee structure, the proposed language notes that a copy of the contingency fee agreement is available from Plaintiffs' counsel. Moreover, any language ultimately approved by this Court does not negate the duty of Plaintiffs' counsel to explain the contingency fee arrangement with opt-in plaintiffs. Therefore, the Court finds that the language in the Proposed Notice is sufficient to enable potential plaintiffs to make informed decisions as to whether to participate in the lawsuit. Accordingly, Defendants' objections are overruled.

* * *

In light of the foregoing, the Court authorizes Plaintiffs to issue a revised version of the Proposed Notice, as modified and amended herein ("Authorized Notice").[10] A copy of the Authorized Notice is appended to this Order.

### B.    *Notice Period*

In their Motion, Plaintiffs request a notice period of ninety days from the date of mailing of the Authorized Notice for potential plaintiffs to file a notice indicating their consent to join this action. Defendants, noting that other courts have authorized notice periods between thirty

---

9.    Defendants also assert that if the named Plaintiffs will stand to be compensated from any recovery to a greater extent than potential opt-in plaintiffs, the Court-approved notice should include a disclosure to this effect and should explain the terms and conditions of any such agreement.
10.    The Court has also corrected a number of scrivener's errors in Plaintiffs' Proposed Notice.

and sixty days, object to Plaintiffs' request, claiming that under the circumstances of this case a thirty-day notice period is more appropriate. In support of their objection, Defendants argue that Plaintiffs' case has been pending for twelve months, with no new plaintiffs for the last eleven months, and that Plaintiffs have not appended affidavits from persons similarly situated who want to join the suit. Defendants also argue that a longer notice period will needlessly delay the litigation, as new opt-in plaintiffs will bring "the potential for new defenses or changes to the scope and/or timing of discovery." (Defs.' Resp. 14.) In their Reply, Plaintiffs indicate that they would agree to reduce their proposed notice period to sixty days.

As Defendants correctly note in their Response, district courts in the Fourth Circuit regularly authorize opt-in periods between thirty and sixty days. *E.g.*, *Byard*, 287 F.R.D. at 373; *Steinberg*, 2011 WL 1335191, at \*6. This Court recognizes the role it plays in litigation management and in the prompt resolution of disputes, and it appreciates Defendants' arguments in that respect. However, the Court agrees with Plaintiffs regarding Defendants' somewhat circular argument that Plaintiffs' supposed failure to identify additional potential opt-in plaintiffs thus far necessitates a *shorter* opt-in period. *See Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007) ("[T]he logic behind defendants' proposed procedure—requiring [plaintiff] to show that others want to join in order to send them notice asking if they want to join—escapes the Court."). In this case, the Court finds that an opt-in period of sixty days from the date of mailing is reasonable under the circumstances.[11]

---

11. To the extent Defendants ask this Court to require any potential plaintiffs who may wish to opt-in after the notice period to seek the Court's leave in order to do so, the Court finds that Defendants' request is premature and unnecessary. *See Regan v. City of Charleston, S.C.*, No. 2:13-CV-3046-PMD, 2015 WL 1299967, at \*2–4 (D.S.C. Mar. 23, 2015).

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion for Conditional Class Certification is **GRANTED IN PART AND DENIED IN PART**, subject to the modifications and limitations outlined above. It is **FURTHER ORDERED** that:

1. Within ten (10) days of the entry of this Order, Defendants shall cause a copy of the names and addresses for all potential opt-in plaintiffs who are members of the putative class to be served upon Plaintiffs' counsel. This list shall be treated by the Parties as confidential.

2. Within twenty (20) days of the entry of this Order, the Parties or their counsel shall confer for purposes of producing an agreed upon discovery plan. Within ten (10) days of the Parties' conference, the Parties shall file a revised discovery plan pursuant to Fed. R. Civ. P. 26(f)(3) and Local Civ. Rule 26.03 (D.S.C.).

3. Within twenty (20) days of the entry of this Order and within ten (10) days of the production by Defendants of the contact information referenced above, Plaintiffs or their designated representatives shall cause a copy of the Authorized Notice, a copy of which is appended to this Order, to be mailed by first-class U.S. Mail to all potential opt-in plaintiffs. Plaintiffs are directed to notify the Court of the date the copies of the Authorized Notice are mailed to all potential opt-in plaintiffs.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 17, 2015**
**Charleston, South Carolina**

19